## 10110

### FRAIN v. THE FRATERNAL AID UNION.

(97 S. E. 836.)

1. INSURANCE — FRATERNAL INSURANCE — CHANGE OF BENEFICIARY.—In view of laws of Fraternal Aid Union providing that no beneficiary shall have or obtain any vested interest in said benefit, beneficiary in certificate of insurance had a mere expectancy which could be destroyed by valid contract between insured and the union.

2. INSURANCE — FRATERNAL INSURANCE — CHANGE OF BENEFICIARY.—In action on certificate of insurance of Fraternal Aid Union, held that insured and the union had made a valid contract changing beneficiary pursuant to constitution and laws of the union, so that plaintiff was the sole beneficiary.

3. INSURANCE — FRATERNAL INSURANCE — CHANGE OF BENEFICIARY— REQUISITES.—It is not necessary that contract changing beneficiary in certificate of insurance issued by Fraternal Aid Union should be set forth in a single instrument.

4. INSURANCE — FRATERNAL INSURANCE — CONSTITUTION.—Where certificate of insurance issued by Fraternal Aid Union was canceled and

surrendered for a new one, the new contract must be read as if provision of constitution of insurer then in force had been actually incorporated therein.

Before PEURIFOY, J., Charleston, Fall term, 1917.   Affirmed.

Action by Jas. J. Frain against the Fraternal Aid Union, and William H. Frain intervenes.   Judgment for plaintiff, and Wm. H. Frain, intervenor, appeals.

*Messrs. Logan & Grace,* for appellant, submit: *The insured was bound by the terms and provisions of the certificate of insurance:* 77 S. C. 520; 90 S. C. 136; 104 S. C. 474.   *The beneficiary was not changed in accordanec with the requirements of the association pursuant to contract entered into:* By-Laws of the Association (New Constitution, sec. 59) ; sec. 108 of the By-Laws; Civil Code, sec. 2755; 107 S. C. 299; 102 S. C. 413; A. & E. Enc., vol. III, p. 993; 41 Fed., p. 4.   *The purported change of beneficiary not having been made in accordance with the requirements of the by-laws of the association no change has been accomplished:* Civil Code of 1912, sec. 2572; A. & E. Ann. Cases, vol. XXXIV, p. 1123 (note) ; 87 S. C. 87; 48 N. Y. Sup., p. 937 ; 78 Pac. (Kansas) 452; 69 Neb. 710; 98 N. W. 414; 90 Atlantic (Vermont) 893; 100 S. C. 521.

*Messrs. Hagood & Rivers,* for respondent, submit: *That a voluntary beneficiary has no vested interest in a policy issued by a fraternal insurance society, and, therefore, cannot in the absence of contractual equity in the proceeds, sustain a claim thereto upon the ground that the change of beneficiary was not made in compliance with the requirements of the law of the association:* 95 S. E. (Ga.) 979; 96 S. E. (N. C.) 654.

January 10, 1919.

The opinion of the Court was delivered by MR. CHIEF. JUSTICE GARY.

This is an action on a certificate of insurance issued by a fraternal beneficiary association, to Thomas J. Frain, on the 5th of August, 1901, wherein it was agreed that upon the death of Thomas J. Frain his legal heirs should participate in the benefit fund to the amount of $2,400.

On the 22d of September, 1914, Thomas J. Frain filled out the following form on the back of said certificate in the presence of witnesses:

"I, Thomas J. Frain, the frater to whom this certificate was issued, do hereby cancel and surrender this certificate, and order that a new one be issued, and that the benefit shall be of the amount of twenty-four hundred dollars, and shall be made payable to James J. Frain, who bears relationship to myself of brother."

On the 23d of September, 1914, the secretary of the local lodge transmitted to the secretary of the defendant, the Fraternal Aid Union, the said certificate attested by him, with the request to change the beneficiaries therein named to James J. Frain, the plaintiff. The certificate was received by the Fraternal Aid Union on the 28th of September, 1914, and it was returned to the local secretary, who delivered it to James J. Frain, with this indorsement:

"Consent to the above change of beneficiary in the within certificate, is hereby given, and transfer registered this 28th day of September, 1914. L. D. Roberts, Supreme Secretary the Fraternal Aid Union."

Thomas J. Frain departed this life on the 17th of November, 1914, leaving as his heirs, his brothers, James J. Frain, the plaintiff, and William H. Frain, the defendant.

The facts are not in dispute, and the sole question is whether there was error, on the part of his Honor, the Circuit Judge, in ruling that the plaintiff, James J. Frain, was the sole beneficiary under the certificate of insurance.

The constitution adopted by the defendant, the Fraternal Aid Union, in 1913, contains this section:

"Sec. 53. Any member desiring to change the name of the beneficiary named in his certificate, shall fill out the form on the back thereof, giving the full name of the new beneficiary; have the secretary of his lodge attest the same, and forward it to the supreme secretary, with a fee of fifty cents, who will make the change in accordance with such new directions, and send same to the secretary of the lodge, for acceptance by the member."

The constitution adopted on the 11th of September, 1914, contains this section:

"Sec. 59. Should any member desire to change the beneficiary or beneficiaries in his certificate, he may do so upon payment of a certificate fee of fifty cents, and the surrender of his present certificate properly endorsed, to the local secretary, who shall forward the certificate, together with the certificate fee, to the supreme secretary. The supreme secretary shall thereupon issue a new certificate, having the same number and date as the one returned for the said change; but no change in the beneficiary or beneficiaries shall be effective, until the delivery of the new certificate, and until that time, the former certificate shall be of force. The assessment rate under the new certificate shall be the same as that paid under the former certificate."

"Sec. 108. No officer or member of the supreme lodge or any local lodge, or any organizer, shall have authority to change, alter or modify any of the provisions of this constitution."

Section 2752 of the Code of Laws 1912 provides:

"Within the above restrictions each member shall have the right to designate his beneficiary, and from time to time have the same changed in accordance with the laws, rules or regulations of the association; and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of said member."

22—111

The foregoing section of the Code of Laws shows that William H. Frain did not have a vested interest, but a mere expectancy, under the former certificate. This expectancy was subject to being destroyed by any valid contract, subsequently made between Thomas J. Frain and the Fraternal Aid Union, changing the beneficiary.

Was such a contract made between the insurer and insured? In reaching a conclusion as to this question, it is important to ascertain the purpose of section 59 of the constitution, adopted in 1914 by the Fraternal Aid Union. Section 53 of the constitution adopted in 1913 left in uncertainty when a change in the beneficiary became effective. This was made certain by section 59, which provides that no change in the beneficiary shall be effective until delivery of the new certificate, and until that time the former certificate shall be in force. No other material change was contemplated by section 59. The certificate in which William H. Frain was named as one of the beneficiaries was merely the written evidence of the contract, between the insurer and the insured; and the fact that it was denominated a certificate did not give it any greater efficacy than if it had been merely called a contract.

It is not necessary that a contract should be set forth in a single instrument, but it may be established by several separate and distinct writings, showing the intention of the parties to enter into a contract.

The only material change contemplated by section 59, between the former and the new contract or certificate, was, as to the time when the new contract or certificate should become effective, as to the rights of the respective beneficiaries under the former and the new certificates.

The new contract must be constructed as if the provisions of the constitution adopted in 1914 had been actually incorporated therein.

It was likewise the intention of the insurer and the insured that the provisions of the former contract or certificate should be incorporated in the new and that there should be no changes except as to the beneficiaries. This is shown by the following language of the insured, indorsed upon the first certificate:

"I do hereby cancel and surrender this certificate, and order that a new certificate be issued, * * * payable to James J. Frain."

And by these words indorsed upon the former certificate by the secretary of the insurer:

"Consent to the above change of beneficiary in the within certificate is hereby given, and transfer registered this 28th day of September, 1914."

The two certificates were to be so similar in all other respects that they were intended to have even the same number and date.

If the new contract was embodied in a single instrument, there would be no difference in any respect whatever between it and the former, except the heirs of the insured would appear as the beneficiaries in one, and James J. Frain, his brother, in the other.

Affirmed.