[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RECONSIDERATION OF RULING RE MOTION TO SUPPRESS
The court grants the state's motion to reconsider as follows.
The court clarifies its ruling, as to the suppression of Exhibit 11 to state that based upon the facts and circumstances known to the officer at the time of seizure of the banking CT Page 13027 receipts there was not probable cause to associate the banking receipts with criminal activity without further investigation. The court otherwise affirms the suppression ruling as to Exhibit 11.
As to Exhibit 37, the court has denied the motion as to all documents containing handwriting. The state requests a reconsideration of the court's ruling granting the suppression as to documents relating to a custody dispute. In its motion it refers to a recent Massachusetts decision, Commonwealth v.D'Amour, 428 Mass. 725, 704 N.E.2d 1166 (1999) with facts strikingly similar to this case. The court is persuaded by the reasoning of the Supreme Judicial Court of Massachusetts in that case.
 An executing officer has a lawful right of access to the object seized if the terms of the warrant entitle him to search where the object is found. Id. at 563. The unchallenged portions of the warrant authorized the seizure of ammunition as well as writings related to the ownership of firearms. The police therefore were entitled to search any container that "could conceal items of the kind portrayed in the warrant." United States v. Gray, 814 F.2d 49, 51 (1st Cir. 1987). The officer thus had "a right to be where he was, looking at what he was looking at, when he came across" the letter. United States v. Rutkowski, 877 F.2d 139, 141 (1st Cir. 1989).
 Once the officer came across the letter, he was permitted to examine it "cursorily" to determine wether it was a writing relating to the ownership of firearms. Andresen v. Maryland, 427 U.S. 463, 482 n. 11, 96 S.Ct. 2737, 49 L.Ed.2d 627
(1976). See Menon, supra at 563 (officer entitled to look at documents carefully enough to determine whether they were within scope of warrant); State v. Andrei, 574 A.2d 295, 298
(Me. 1990) (officer's examination of four lines of a diary "revealed no more than what was exposed to plain view"). When the police "scanned" the letter, the motion judge found that "it became immediately apparent that they stumbled on evidence of a motive on the part of the defendant for killing her husband: professed love for another and hatred of the deceased." This determination supports the conclusion that the officers recognized the letter as related to the murder.
CT Page 13028 Id. at 1173.
Applying the Massachusetts court's reasoning here, the court finds that a reasonable police officer could believe that evidence of the custody dispute was related to the homicide. SeeState v. Eady, 249 Conn. 431, 441 (1999).
The court requested that the defendant brief the issue of whether inadvertence is a requirement under the plain view exception. The defendant cited State v. Hamilton, 214 Conn. 692
(1990) to argue that under the Connecticut constitution there is a requirement of inadvertence for the exception to apply. That case was vacated by the U.S. Supreme Court at 498 U.S. 933,112 L.Ed.2d 299, 111 S.C. 334 (1990). The language from State v. Eady,
supra, 249 Conn. 437, n. 1, suggests that under our state constitution there remains a requirement for inadvertence as to items neither contraband, stolen property or dangerous objects. The court need not decide this issue in light of the following language from State v. Pepe, 176 Conn. 75, 79-80 (1978):
 The police need not be caught completely by surprise for a discovery to be inadvertent, so long as they did not anticipate the discovery or know in advance the location of the evidence and intend to seize it.
Here, while the officer testified that he had heard of a custody dispute involving the deceased child and the mother, there is no indication that he knew either evidence of it existed or where such evidence was located.
Accordingly, the court reconsiders and vacates its previous ruling suppressing the documents relating to the custody dispute. Because at the time of discovery the officer had probable cause to associate these documents with the crime without further investigation, the seizure of these documents falls under the plain view exception. The motion is denied as to the documents relating to the custody dispute. The motion is granted as to the balance of the documents in Exhibit 37 not containing handwriting and not relating to the custody dispute.
DiPentima, J.